IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-34,986-06






EX PARTE CARL V. LONG, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NO. 27,380 IN THE 13TH JUDICIAL DISTRICT COURT OF
NAVARRO COUNTY




 Per curiam.


 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art 11.07. 
Applicant was convicted of manufacture of a controlled substance, and punishment was
assessed at forty-five years' confinement. Applicant's conviction was affirmed on appeal.
Long v. State, No. 10-00-00305-CR (Tex. App. --Waco, delivered, April 28, 2004, pet.
ref'd..).

 Applicant contends inter alia that he received ineffective assistance of trial counsel.

The trial court has entered an order recommending that Applicant's writ be dismissed as a
subsequent application under Tex. Code Crim. Proc. art. 11.07 §4. However, because all of
Applicant's prior writs were either dismissed or returned as non-compliant, this writ is not
barred by Section 4. Furthermore, Applicant has stated facts requiring resolution. 

 Because this Court cannot hear evidence, it is necessary for the matter to be remanded
to the trial court for resolution. This trial court may resolve the factual issues as set out in
Tex. Code Crim. Proc. art 11.07, § 3 (d), in that it may order affidavits, depositions, or
interrogatories from trial counsel, or it may hold a hearing. In the appropriate case, the trial
court may rely on personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant's retained counsel was permitted to withdraw five days prior to trial,
and if so, why. Then, the court shall make findings as to whether Applicant's original
appointed counsel was reappointed as Applicant's primary counsel, and if so whether
Applicant objected to such reappointment. If Applicant was represented at trial by an
attorney who he had previously fired, the court shall make findings as to whether counsel 
harbored any bad feelings against Applicant resulting from this firing, and as to how, if at all,
counsel's feelings affected his ability to represent Applicant at trial. 

 The trial court shall make findings as to how long trial counsel had to prepare for trial,
and what steps trial counsel took to investigate and interview witnesses prior to trial. The
trial court shall make findings as to whether Robert Rios was subpoenaed as a witness, and
if not, why not. Furthermore, the court shall make findings as to why trial counsel decided
not to call Elaine Stout as a defense witness.

 The trial court shall also make findings as to whether counsel challenged the legality
of the search in this case, and if so on what basis. The court shall make findings as to
whether the defenses of entrapment and duress were ever raised or argued, whether jury
instructions on those defenses were requested, and if so whether they were granted or denied
and why. The trial court shall also make any further findings of fact and conclusions of law
it deems relevant and appropriate to the disposition of the application for writ of habeas
corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 169 Tex.Cr.R. 367,
334 S.W.2d 294 (Tex.Crim.App. 1960), this application for a post-conviction writ of habeas
corpus will be held in abeyance pending the trial court's compliance with this order. The
trial court shall resolve the issues presented within ninety days of the date of this order. (1) A
supplemental transcript containing all affidavits, the transcription of the court reporter's notes
from any interrogatories or hearings held, along with the trial court's findings of fact and
conclusions of law, shall be returned to this Court within one hundred and twenty days of the
date of this order. (2)


 IT IS SO ORDERED THIS THE 7th day of December, 2005.





EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.